IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON REBIDOUX, | No. 2:16-CV-1033-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| J. MACOMBER, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

1 | issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be
2 | viewed together before reaching a decision.  See id.

3 |       In the present case, the court does not at this time find the required exceptional circumstances.  First, plaintiff has demonstrated an adequate ability to articulate himself on his own.  Second, plaintiff allegations of inadequate medical treatment and retaliation do not involve complex legal issues.  Finally, at this stage of the proceedings and before plaintiff has filed an amended complaint as provided in the accompanying order, the court cannot say that plaintiff has any particular likelihood of success on the merits.

      Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 12) is denied.

DATED: March 8, 2017

                                     **CRAIG M. KELLISON**
                                     UNITED STATES MAGISTRATE JUDGE