1

2

3

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   VERNON REBIDOUX,                         No. 2:16-CV-1033-MCE-CMK-P

12              Plaintiff,

13        vs.                                 FINDINGS AND RECOMMENDATIONS

14   J. MACOMBER, et al.,

15              Defendants.

16   _____/

17        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for injunctive relief (Doc. 2).

19        The legal principles applicable to requests for injunctive relief, such as a

20   temporary restraining order or preliminary injunction, are well established.  To prevail, the

21   moving party must show that irreparable injury is likely in the absence of an injunction.  See

22   Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.

23   Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser

24   standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

25   controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

26   1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is

1

1   likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

2   injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

3   interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

4               In this case, plaintiff seeks an order enjoining defendant Macomber from allowing

5   other prison officials to retaliate against plaintiff, deny medical care, prevent family visits, or

6   thwart plaintiff's attempts to exhaust administrative remedies.  More specifically, plaintiff states

7   that he faces a safety risk as a witness in two state court murder trials against gang members.  It

8   should be noted that no such allegations are contained in the complaint.

9               The court finds that plaintiff cannot satisfy the showing required for injunctive

10   relief.  First and foremost, plaintiff has not stated a cognizable claim against defendant

11   Macomber.  As discussed in the accompanying order, plaintiff's claim against defendant

12   Macomber is based entirely on a theory of respondeat superior liability.  Thus, plaintiff cannot

13   demonstrate any likelihood of success on the merits of his claim against defendant Macomber,

14   who is the only defendant named in the instant motion for injunctive relief.  Moreover, the basis

15   for plaintiff's motion is the contention that his safety is at risk.  This allegation, however, does

16   not appear in the complaint.  For this additional reason, plaintiff has not shown any likelihood of

17   success on the merits of a claim alleged in the complaint.  Finally, while plaintiff has indicated

18   the potential for a safety risk, he has not alleged any facts – either in the underlying complaint or

19   in the instant motion – showing the likelihood of irreparable injury absent an injunction.

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

1    Based on the foregoing, the undersigned recommends that plaintiff's motion for

2 injunctive relief (Doc. 2) be denied.

3    These findings and recommendations are submitted to the United States District

4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

5 after being served with these findings and recommendations, any party may file written

6 objections with the court.  Responses to objections shall be filed within 14 days after service of

7 objections.  Failure to file objections within the specified time may waive the right to appeal.

8 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10   DATED:  March 8, 2017

11

12   _____
      **CRAIG M. KELLISON**
      UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26